UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN RAY MURPHY, *Pro Se*, ) | Case No.: 5: 19 CV 963 |
| ) | |
| Petitioner ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| STATE OF OHIO, ) | |
| ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| Respondent ) | <u>AND ORDER</u> |

*Pro se* Petitioner Steven Ray Murphy has filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, seeking to challenge an April 25, 2019 judgment of conviction in the Wayne County Municipal Court. (Doc. No. 1.)

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the instant Petition must be summarily dismissed. A petitioner may not seek *habeas corpus* relief under § 2254 until he has exhausted all "remedies available in the courts

of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a *habeas* petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims.").

It is clear from the face of the Petition that Petitioner has not yet given the State courts a full opportunity to act on his claims. The face of the Petition indicates that Petitioner filed an appeal with the Ohio Court of Appeals in connection with his conviction on April 25, 2019, which is still pending. (Doc. No. 1 at ¶¶ 9, 15.)

Accordingly, the Petition is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. This dismissal is without prejudice to claims Petitioner may later properly assert in connection with his conviction after full exhaustion of his State remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

                                                   /S/ SOLOMON OLIVER, JR.
                                                   SOLOMON OLIVER, JR.
                                                   UNITED STATES DISTRICT COURT JUDGE

Dated: May 3, 2019